————0————

PATRICK S. KENNEY, Respondent, *vs.* THE HANN. & ST. JO. R. R. Co., Appellant.

AND

ASA H. GURNEY Respondent, *vs.* THE HANN. & ST. JO. R. R. Co., Appellant.

1. Wilson vs. Kansas City, St. Jo. & C. B. R. R. Co. (60 Mo., 184), affirmed.

*Appeal from Grundy Circuit Court.*

*James Carr*, for Appellant.

I. The acts of the State of Missouri, which prohibited railroal companies from transporting Texas cattle into the State, are repugnant to the U. S. Constitution, Art. 1, § 8. (Canfield vs. Coryed, 4 Wash. C. C., 371: 2 Sto. Const., 4 ed., §§ 1056–1076 ; Gibbons vs. Ogden, 9 Wheat., 1 ; Alina vs. California, 24 How., 169 ; Crandall vs. Nevada, 6 Wall., 35 ; Woodruff vs. Parham, 8 Wall., 123 ; Huison vs. Lott, id., 148 ; Ward vs. Maryland, 12 Wall., 418 ; R. R. Co. vs. Penn, 15 Wall., 232 ; R. R. Co. vs. Richmond, 19 Wall.,

589; Passenger cases, 7 How., 464; Gilman vs. Philadelphia, 3 Wall., 713; Welton vs. State of Mo., U. S. Sup. Ct., March term, 1876.)

*Shanklin, Low & McDougal,* for Respondent.

I. The act regulating the introduction of Texas cattle is a police measure, and is in no sense a direct or indirect attempt to regulate commerce. (R. R. Co. vs. Fuller, 17 Wall., 560; Yeazel vs. Alexander, 58 Ill., 254; License Tax cases, 5 Wall., 462; Slaughter House cases, 16 Wall., 62; Gibbon vs. Ogden 9 Wheat., 1; City of New York vs. Miln, 11 Pet., 102; Holmes vs. Jennison, 14 Pet., 616; License Tax cases, 5 How., 577, 589; U. S. vs. Dewitt, 9 Wall., 41; City of St. Louis vs. Boffinger, 19 Mo. 13; Varick vs. Smith, 5 Paige, 160; Thorpe vs. R. & B. R. R. Co., 27 Vt., 149; Stuyvesant vs. Mayor of New York, 7 Cow., 604; Cooley Const. Lim., 584; Pott. Dwar. Title Pol. Reg.; Wilson vs. K. C., St. Jo. & B. R. R. Co., 60 Mo., 184.)

II. The court will give such a construction to an act as to uphold the law if possible. (State *ex rel.* Weir vs. County Judge of Daviess County, 2 Ia., 280; License Tax Cas., 5 How., 540.)

WAGNER, Judge, delivered the opinion of the court.

These two cases were submitted together, and both involve the same questions.

The actions were originally instituted against the defendant for bringing Texas cattle into this State, contrary to the provisions of the statute, in consequence of which plaintiffs' cattle became diseased, and sick, and died. In the court below plaintiffs had judgment, and the defendant appealed. The defendant makes but one point upon this appeal, and that is, that the law of this State, under which the actions were brought, is unconstitutional. This precise and identical question was examined and passed upon in this court, in the case of Wilson vs. St. Joseph & Council Bluffs R. R. Co. (60 Mo., 184), where it was held that the law now brought in

question was valid. That case is decisive of, and determines these.

Judgment of affirmance will therefore be entered in both cases. All the other judges concur, except Judge Vories, who is absent.